1  Steven C. Vondran, [SBN 232337]
   **THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
2  One Sansome Street, Suite 3500
   San Francisco, CA 94104
3  Telephone: (877) 276-5084
   Facsimile: (888) 551-2252
4  E-mail:  steve@vondranlegal.com

5  *Attorneys for Defendant identified as IP Subscriber 76.102.26.213*

6
                    **IN THE UNITED STATES DISTRICT COURT**
7
                       **NORTHERN DISTRICT OF CALIFORNIA**
8
                              **SAN JOSE DIVISION**
9

10

11  STRIKE 3 HOLDINGS, LLC.

12         Plaintiff,                          Case No. 5:19-cv-08239-VKD

13  Vs.                                        Honorable Judge: Virgina DeMarchi

14
    JOHN DOE subscriber assigned IP address    **DECLARATION OF COUNSEL**
15  *76.102.26.213*                            **IN SUPPORT OF MOTION TO**
                                               **QUASH SUBPOENA AND**
16                                             **DISMISS CASE UNDER F.R.C.P.**
           Defendant.                          **RULE 41 ET SEQ.**
17

18                                             *[Memorandum of points and*
19                                             *authorities, and proposed order filed*
                                               *concurrently]*
20

21                                             Hearing
                                               Date: April 14, 2020
22                                             Time: 10:00 AM
23                                             Courtroom: 2

24                              **DECLARATION**
25
                                       1
26                                  DECLARATION

I, Steven C. Vondran, Esq., hereby declare as follows:

1. I am counsel for Defendant internet subscriber in this Action and a member of the State bar(s) of California and Arizona, in good standing, and have been practicing law over 15 years.

2. I have personal knowledge of the following and if called to testify I would competently testify as follows in support of Defendant's motion to quash the early discovery subpoena and dismiss the case under Rule 41.

3. I have had multiple conversations and communications with Plaintiff counsel Lincoln Bandlow about the merits of filing "*bill of discovery*" state court cases in Florida against subscribers that Plaintiff knows are located in California (to 99% accuracy as he has informed me).

4. We have met and conferred on multiple occasions and disagree whether or not their actions are proper (believing clearly improper), and in support of their state court copyright-related filings they have stated things as follows on different occasions (pulled directly from email communications with Mr. Bandlow):

"Geolocation is irrelevant for the Bill of Discovery suit and any consequent federal suit would happen after your client's ISP confirms their actual address. With this process, **we can improve the 99% accuracy using geolocation to 100% accuracy using actual ISP response address. Isn't this a positive**? Isn't it a positive for your clients to have a *reduced demand amount*? If any of your clients wish to file a motion to quash or be sued as a john doe defendant in federal court, my client is fine with that. Just indicate which client

2
DECLARATION

and **we will dismiss that Defendant from the Bill of Discovery suit and file against them as a John Doe in the Federal Court district of their domicile**."

"Now, with these Florida lawsuits, *we will have additional information* before proceeding that will either confirm that good faith basis to believe it was the subscriber, or provide us information that shows it is someone in the subscriber's household and proceed (if we so choose) against that person."

"*If you want to file a Motion to Quash go right ahead.  We'll sue your client in Federal Court as a John Doe and he or she will be right back in the exact same position with a higher legal bill*.  It makes no sense why you would put your client through that, but it's your choice."

5. It is not uncommon to receive a $50,000 demand to settle from Mr. Bandlow's office.  I have not found this to be accurate that demands are being reduced with this East Coast/ West Coast *double-dipping* litigation tactic having handled many cases of this nature.

6. I also am not aware of how obtaining information about a subscriber's name and address will lead to any different "*additional information*" being obtained whether this is being done in Florida state court (Miami-Dade County) or in Federal Court in California, (where they should be filing these cases in the first instance if they can meet the *Cobbler* standard, by their own admission they know where the Defendant is located with 99% accuracy, and yet file in Florida state court nonetheless).

3
DECLARATION

7. If they admit they need "*additional information*" this suggests to me their current complaint does not meet the *Cobbler* standard, and is thus subject to dismissal?

I declare the foregoing to be true and correct to the best of my knowledge under penalty of perjury under the laws of the United States of America.

Executed this 3rd day of March 2020 in Phoenix, Arizona (Maricopa County).

                                        /s/ Steven C. Vondran,
                                                Declarant